Justice MORGAN
dissenting.
While I agree with my learned colleagues in the majority that the Court of Appeals’ interpretation of the applicability of Liparota v. United States, 471 U.S. 419, 105 S. Ct. 2084, 85 L. Ed. 2d 434 (1985) is misplaced, nonetheless I embrace the lower court’s view that the narrow exception to the time-honored adage “ignorance of the law will not excuse” as articulated in Lambert v. California, 355 U.S. 225, 78 S. Ct. 240, 2 L. Ed. 2d 228 (1957) is applicable in the instant case regarding the propemess of notice and due process. In addition, I consider the majority’s interpretation of the phrase “wholly passive” as originally coined in Lambert and applied by this Court in State v. Bryant, 359 N.C. 554, 614 S.E.2d 479 (2004), superseded by statute, 2006 N.C. Sess. Laws, Ch. 247, on other grounds as recognized in State v. Moore, 240 N.C. App. 465, 478, 770 S.E.2d 131, 141, disc. review denied, 368 N.C. 353, 776 S.E.2d 854 (2015) to be rigidly restrictive, particularly in light of this Court’s own construction of this phrase in Bryant, and therefore I dissent.
In Lambert, a criminal defendant was found guilty of violating a registration provision of Los Angeles, California’s Municipal Code because, as a person who had been “convicted of an offense punishable as a felony in the State of California,” she “remain[ed] in Los Angeles for a period of more than five days without registering” with the city’s Chief of Police. Lambert, 355 U.S. at 226, 78 S. Ct. at 241-42, 2 L. Ed. 2d at 230. As a resident of Los Angeles for over seven years at the time of her arrest on suspicion of another offense, the defendant argued that *673 her due process rights under the United States Constitution were violated with regard to the application of the city’s registration law to her, because she had no actual knowledge of the requirement to register pursuant to the Los Angeles Municipal Code. Id. at 226, 78 S. Ct. at 241-42, 2 L. Ed. 2d at 230-31. In framing the legal issue in this case as a question of “whether a registration act of this character violates due process where it is applied to a person who has no actual knowledge of his duty to register, and where no showing is made of the probability of such knowledge,” the nation’s highest court held that the Code’s registration provision as applied to the defendant violated the Due Process Clause of the Fourteenth Amendment. Id. at 227, 229-30, 78 S. Ct. at 242-44, 2 L. Ed. 2d at 231-32.
Defendant in the case sub judice cited the Lambert case as persuasive authority to support his position addressed by this dissent that his federal due process rights were violated by the application of the statute at issue to him because of his lack of proper notice of then newly-enacted N.C.G.S. § 90-95(dl)(l)(c), which had taken effect barely a month before defendant’s proscribed pseudoephedrine purchase. Pursuant to the statute, his possession of such a substance was illegal in light of his prior methamphetamine convictions. Regarding the application of constitutional due process principles to the operation of statutes that create an imposition upon individuals convicted of a certain class of offenses that does not exist for the general population, I find the defendant in Lambert and the current defendant to be similarly situated. In Lambert, the defendant was required by law to register as a convicted felon if her stay in the city exceeded five days, which was not a registration requirement imposed on others; here, defendant was required by law to refrain from possessing pseudoephedrine as a person convicted of methamphetamine offenses, which was not a possession restriction imposed on others.
I also find that the defendant in the case at bar is similarly situated to the Lambert defendant in the resolution of the legal issue in Lambert which was ideally identified by the United States Supreme Court. The high court found, in applying its due process analysis to the dual components of the framed issue in Lambert, that the Los Angeles Municipal Code registration provision violated that defendant’s due process rights because she had no knowledge of the duty to register and there was no showing made by the prosecution as to the probability of such knowledge by the defendant. Id. at 227-28, 78 S. Ct. at 242-43, 2 L. Ed. 2d at 231. While citing the phrase “ignorance of the law will not excuse,” the United States Supreme Court conversely recognized that the exercise of *674 this legal axiom is limited by due process considerations. Id. at 228, 78 S. Ct. at 243, 2 L. Ed. 2d at 231. The Court went on to explain:
Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges. Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed. Notice is required in a myriad of situations where a forfeiture might be suffered for mere failure to act. Recent cases illustrat[e] th[is] point .... These cases involved only property interests in civil litigation. But the principle is equally appropriate where a person, wholly passive and unaware of any wrongdoing, is brought to the bar of justice for condemnation in a criminal case.
Id. (citations omitted).
I find these observations to be pertinent and applicable to the present case, just as the United States Supreme Court articulated them as insightful direction in Lambert. While ignorance of the law typically will not excuse one from criminal culpability, the operation of this routine legal paradigm must take a proverbial backseat when one’s constitutional due process rights, undergirded by the concept of notice, are otherwise sacrificed. In the instant case, as in Lambert, the defendant has claimed that he had no knowledge of the law at issue when he purchased pseudoephedrine on 5 January 2014 and was therefore in unlawful possession of the medication which otherwise would have been in his lawful possession if the purchase had been made prior to the 1 December 2013 change in the law which did not apply to the general population, nor even all convicted felons, but rather only to a particular subset of convicted felons. Also in the present case, like Lambert, there has been no showing made of the probability that defendant knew of this change in the law which rendered illegal for him such activity that was legal for him a mere 36 days prior to his arrest. The majority’s fervent embrace of the maxim that ignorance of the law provides no excuse supplies an untenable compromise of defendant’s due process rights. Indeed, the well-established existence of a law and one’s ignorance of it is markedly different from the newly-created existence of a law and one’s unawareness of it, especially when it is a change in the law to make what was recently lawful suddenly unlawful and when it does not apply to everyone.
*675 In my opinion, just as the majority fails to employ an appropriate application of the Lambert principle regarding due process wherein ignorance of the law by a criminal defendant is indisputable, the majority’s unfortunate position is exacerbated by its strained literal interpretation of the phrase “wholly passive” in Lambert. The United States Supreme Court christened the term in Lambert to describe the lack of affirmative conduct by the defendant in that case—the failure to register one’s presence—and to fit it into the framework of an individual’s right to due process through the requirement of notice. The majority has focused so intently upon the “wholly passive” description of the Lambert defendant’s proscribed conduct of failure to register that it is unable to clearly view the fullness of the relationship between due process and the required notice concerning the violation of criminal law.
The majority’s position is faulty regarding its literal application of the phrase “wholly passive” on two fronts. Firstly, the United States Supreme Court in Lambert used the defendant’s “wholly passive” failure to register as an example of the broad need to correctly balance constitutional due process with the “ignorance of the law will not excuse” axiom. The Court, in its discussion of the concept of due process through the requirement of notice in Lambert, spoke in sweeping terms about the importance of these legal tenets, without mentioning whether or not the illegal conduct involved was an offense of commission of an act or an offense of an omission to act. The high court thereupon applied its global look at these principles to the defendant’s circumstances in Lambert, described her Municipal Code violation of failure to register as behavior which was “wholly passive,” continued its analysis that this failure to register abrogated the breadth and depth of the integration of due process and notice, and ultimately determined that the application of the challenged registration law to the defendant’s “wholly passive” failure to register was unconstitutional. In the case sub judice, the majority’s occupation by the “wholly passive” categorization of the Lambert defendant’s criminal act of omission has prevented it from fully grasping the wider requirement to apply constitutional due process and notice requirements so as to protect defendant’s identical rights in the current case.
Secondly, this Court utilized the “wholly passive” language in Lambert to both discuss and decide our decision in Bryant. The majority in the instant case heavily relies upon Bryant, a criminal action in which a defendant, who was a convicted sex offender in the state of South Carolina, was notified by the South Carolina Department of Corrections prison officials of his lifelong requirement to register with *676 that state due to his sex offender status. Id. at 556, 614 S.E.2d at 480. Although the defendant was notified of this duty in verbal and written form, he failed to “provide written notice to the county sheriff where s/he was last registered in South Carolina within 10 days of the change of address to a new state,” when the defendant moved out of the state of South Carolina and relocated in North Carolina. Id. at 556-57, 614 S.E.2d at 481 (emphasis omitted). The defendant likewise was deficient in his compliance with his South Carolina sex offender requirement that he “must send written notice of change of address to the county Sheriff’s Office in the new county and the county where s/he previously resided within 10 days of moving to a new residence.” Id. (emphasis omitted). Although the defendant moved to Winston-Salem, North Carolina and thereby established a residence in Forsyth County, nonetheless he failed to register upon establishing residency in North Carolina and did not notify the appropriate authorities in South Carolina of his out-of-state move. Id. at 557-58, 614 S.E.2d at 481-82. The defendant was convicted in this state of failing to register as a sex offender and attaining the status of habitual felon. Id. at 558, 614 S.E.2d at 482. On appeal, the defendant argued that North Carolina’s sex offender registration statute was unconstitutional as applied to an out-of-state offender who lacked notice of his duty to register upon moving to North Carolina. Id. at 558, 614 S.E.2d at 482. The defendant relied almost exclusively upon Lambert in arguing his position on appeal to this Court. Id. at 564, 614 S.E.2d at 485. We found in Bryant that the defendant was not entitled to the application of Lambert. Id. at 568-69, 614 S.E.2d at 487-88. In this Court’s decision, we explained:
We find this case rich with circumstances that would move the reasonable individual to inquire of his duty to register in North Carolina such that defendant’s conduct was not wholly passive and Lambert is not controlling. First, defendant had actual notice of his lifelong duty to register with the State of South Carolina as a convicted sex offender. Second, defendant had actual notice that he must register as a convicted sex offender in South Carolina for “similar offenses from other jurisdictions” and had a duty to inform South Carolina officials of a move out of state “within 10 days of the change of address to a new state,” which defendant failed to do. Third, defendant himself informed law enforcement authorities that he had been convicted of a sex offense in Florida. These circumstances coupled with the pervasiveness of sex offender registration programs certainly constitute circumstances *677 which would lead the reasonable individual to inquire of a duty to register in any state upon relocation.
Id. at 568, 614 S.E.2d at 488 (citations omitted) (emphasis in original). This explanation extracts pivotal terminology from the instructional language employed by the nation’s Supreme Court in Lambert when it established the mandatory standard, which we expressly cited in Bryant, which I find to be the guiding rationale for adaptation in the present case and which I determine that the defendant has satisfied:
Therefore, to be entitled to relief under the decidedly narrow Lambert exception, a defendant must establish that his conduct was “wholly passive” such that “circumstances which might move one to inquire as to the necessity of registration are completely lacking” and that defendant was ignorant of his duty to register and there was no reasonable probability that defendant knew his conduct was illegal. Lambert, 355 U.S. at 228-29, 78 S. Ct. 243-44, 2 L. Ed. 2d at 231-32) (emphasis added).
Id. at 568, 614 S.E.2d at 488. This Court’s additional emphasis indicates that it defined the crucial phrase “wholly passive” as turning on whether the attendant circumstances could reasonably be seen as providing notice.
With the majority’s determination that Bryant is controlling authority in the case at bar, it compounds the problematic analysis that it originally employs in the majority’s erroneous premise that the requirement of a “wholly passive” act automatically disqualifies the current defendant from constitutional due process and intrinsic notice requirements where ignorance of the law is an existing circumstance. This compounded misdirection is further accentuated by the recitation of the aspects that are present in Bryant which clearly distinguish it from the case sub judice. While there are a litany of facts and circumstances occurring in Bryant that render the narrow Lambert exception as inapposite to the Bryant defendant, as this Court correctly decided, no such characteristics arise here. Indeed, the defendant in the instant case is deemed not to have had actual notice about the change in the law or the change in his status under the new law governing his ability to legally possess pseudoephedrine. Nor did the defendant here inform law enforcement authorities about any matters that would demonstrate his awareness about the change in the law or the change in his status under the new law. In summarizing the above delineation of factors quoted in Bryant and applying them to the present case, there are no circumstances here which would lead the reasonable individual to know, or even inquire *678 about, a duty to refrain from the possession of pseudoephedrine due to a recent change in the law which turned defendant’s heretofore legal possession of the substance into a criminal offense.
Since I would find N.C.G.S. § 90-95(dl)(l)(c) unconstitutional as applied to defendant under these facts and circumstances, consistent with my interpretation of Lambert, and the critical distinguishing features of Bryant, I respectfully dissent.
Justice BEASLEY joins in this dissenting opinion.